**DISMISS and Opinion Filed July 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00500-CV

**LEE WEIR, MIKE WEIR, AND AL WEIR, Appellants**
**V.**
**STERLING STATE BANK, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-07718**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Evans

In a letter dated May 23, 2016, the Court questioned its jurisdiction over this appeal because it appears the notice of appeal is untimely. We instructed appellants to file, within ten days, a letter brief addressing our concern and cautioned them that failure to do so may result in dismissal of the appeal without further notice. As of today's date, appellants have not filed the requested letter brief.

Where no post-judgment motion extending the appellate timetable is filed, a notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

Appellants appeal from the trial court's post-judgment turnover order and order appointing a receiver signed on February 2, 2016. They filed their notice of appeal on April 22,

2016. Citing to rules 4.2(a)(1) and 26.1 of the rules of appellate procedure, appellants state in their notice of appeal that it is being filed "within thirty (30) days after Defendants acquired actual notice of the signing of the Order." *See* TEX. R. APP. P. 4.2(a)(1), 26.1. The procedure to gain additional time where a party does not receive notice of a judgment is governed by rule 306a(5) of the rules of civil procedure. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5). To show the applicability of rule 306a(4), appellants were required to prove on sworn motion in the trial court the date on which either they or their attorney acquired knowledge of the turnover order. *See* TEX. R. CIV. P. 306a(4), (5). After hearing a rule 306a motion, the trial court must sign a written order that finds the date when the party or his attorney first either received notice or actual knowledge that the judgment or order was signed. *See* TEX. R. APP. P. 4.2(c). The record before this Court does not contain the required motion or order.

Without a written order showing the date that the trial court found the appellants or their attorney first either received notice of or actual knowledge of the order, the notice of appeal was due on March 3, 2016. *See* TEX. R. APP. P. 26.1. Appellants filed their notice of appeal on April 2, 2016, fifty days past the deadline. Because of the untimely notice of appeal, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

160500F.P05

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEE WEIR, MIKE WEIR, AND AL WEIR, Appellants

No. 05-16-00500-CV     V.

STERLING STATE BANK, Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-07718.
Opinion delivered by Justice Evans.
Justices Lang-Miers and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee STERLING STATE BANK recover its costs of this appeal from appellants LEE WEIR, MIKE WEIR, AND AL WEIR.

Judgment entered this 6th day of July, 2016.